# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-210-RLV-DCK

| | |
|---|---|
| ROSA P. DILLINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) and Defendant's "Motion For Summary Judgment" (Document No. 10). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u> and <u>remanded</u> for further consideration.

## I. BACKGROUND

Plaintiff Rosa P. Dillingham ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about May 3, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning February 1, 2005, which she later amended to April 18, 2011 (Transcript of the Record of Proceedings ("Tr.") 19, 184-194).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 9, 2011, and again after reconsideration on January 4, 2012. (Tr. 19, 135, 139, 144, 148). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 148).

Plaintiff filed a timely written request for a hearing on February 6, 2012. (Tr. 19, 153). On March 21, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Marshall D. Riley ("ALJ"). (Tr. 19, 37-58). In addition, Mr. Charlie A. Edwards, a vocational expert ("VE"), and Ms. Holly Fairbairn, Plaintiff's attorney, appeared at the hearing. (Tr. 37).

The ALJ issued an unfavorable decision on April 16, 2013, denying Plaintiff's claim. (Tr. 16-32). Plaintiff filed a request for review of the ALJ's decision on June 15, 2013, which was denied by the Appeals Council on June 16, 2014. (Tr. 1-7, 15). The June 17, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 14, 2014. (Document No. 1). On September 17, 2014, the undersigned was assigned to this case as the referral magistrate judge.

2

Plaintiff's "Motion For Summary Judgment" (Document No. 9) and the "Memorandum In Support Of Plaintiff's Motion For Judgment" (Document No. 9-1) were filed January 26, 2015. Defendant's "Motion For Summary Judgment" (Document No. 10) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 11) were filed March 25, 2015. Plaintiff's "Responsive Memorandum To Defendant's Motion For Summary Judgment" (Document No. 13) was filed April 1, 2015.

Pursuant to the Court's "Order" (Document No. 14), the parties filed a "Joint Status Report" (Document No. 15) on June 8, 2015. The "Joint Status Report" provides that the parties agree that the ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) is implicated by this case, and that they will file supplemental briefs. (Document No. 15). "Defendant's Supplemental Brief In Response To The Court's Order Regarding Mascio v. Colvin" (Document No. 16) was filed on June 12, 2015, and "Plaintiff's Supplemental Brief In Response To The Court's Order Regarding Mascio v. Colvin" (Document No. 17) was filed on June 15, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

3

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 18, 2011 and April 16, 2013.[1] (Tr. 31-32). To establish entitlement to benefits, Plaintiff has the burden of proving that he was

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 30).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 18, 2011, his alleged disability onset date. (Tr. 22). At the second step, the ALJ found the following severe impairments: hepatitis C, alcoholic polyneuropathy, polysubstance

dependence (continues to use alcohol), probable alcohol induced mood disorder and antisocial personality traits.[2] (Tr. 22).

At the third step, the ALJ determined that Plaintiff's impairments, including the substance use disorder, met sections 12.04, 12.08 and 12.09 of 20 C.F.R. 404, Subpart P, Appendix 1 (the "Listings"). (Tr. 23). The ALJ then assessed the Plaintiff's limitations if she stopped the substance abuse. (Tr. 25-29). The ALJ found that, if Plaintiff stopped the substance abuse, she would still have severe impairments, but that they would not meet or medically equal any of the impairments in the Listings. (Tr. 25).

The ALJ further determined that, if Plaintiff stopped the substance abuse, she would have the residual functional capacity to perform medium work:

> except she is capable of remembering locations and simple instructions. She may have difficulty remembering detailed instructions. She appears capable of sustaining an ordinary routine and making simple decisions. She may have difficulty maintaining attention and concentration for extended periods of time. She can adapt to the routine interpersonal demands of work and is capable of adapting to simple tasks. The claimant appears capable of performing simple, routine, repetitive tasks and may be suited for positions in low stress environments with limited social demands.

(Tr. 26). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. 26).

At the fourth step, the ALJ held that Plaintiff has no past relevant work. (Tr. 30). At the fifth and final step, the ALJ concluded that, "[i]f the claimant stopped the substance use,

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

considering the claimant's age, education, work experience, and residual functional capacity," jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 30). The ALJ then determined that Plaintiff's substance use disorder is a contributing factor material to the initial determination of disability, in line with the requirements of 20 CFR §§ 404.1535(a), and 416.935(a), because the claimant would not be disabled if she stopped the substance use. (Tr. 31). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 18, 2011, and the date of his decision, April 16, 2013. (Tr. 31-32).

Plaintiff on appeal to this Court makes the following assignments of error: (1) improper application of 20 CFR § 416.935 in determining the materiality of substance abuse to Plaintiff's disability; (2) improper weight given to opinion evidence and credibility; and (3) failure to sufficiently develop the record. (Document No. 9-1, pp.5-24). In addition, "Plaintiff's Responsive Memorandum…'' (Document No. 13) asserts that there is new and material evidence which requires remand; and "Plaintiff's Supplemental Brief…" (Document No. 17) contends that application of the Mascio decision also requires remand.

**Materiality of Substance Abuse to Plaintiff's Disability**

In her first assignment of error, Plaintiff argues that the ALJ erred in his application of 20 C.F.R. § 416.935 and his conclusion that substance abuse was material to Plaintiff's disability. (Document No. 9-1, p.5). Section 416.935 states that, "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." Plaintiff notes that, according to 42 U.S.C. 423(d)(2)(C), if the ALJ determines substance abuse to be material to disability, Plaintiff cannot be found disabled. (Document No. 9-1, p.5).

7

In setting out the standard for determining materiality, Plaintiff argues that "the ALJ must consider which limitations would remain when the effects of the substance abuse disorders are absent," and that "the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other." (Document No. 9-1, p.6) (citing Brueggeman v. Barnhart, 348 F.3d 689, 694-95 (8th Cir. 2003)). Plaintiff further argues that, according to SSA policy, the ALJ should try to distinguish the limitations imposed by Drug and Alcohol Abuse ("DAA") from the impairments that exist when the individual is not using drugs or alcohol, and that if the two cannot be separated, DAA should not be classified as a contributing factor material to disability. (Document No. 9-1, p.6-7) (citing Finley v. Astrue, 2009 WL 2489264, at *14-15 (E.D.N.C. Aug. 13, 2009); Malone v. Colvin, 2014 WL 2194808, at *1 (W.D. Ark. May 27, 2014); SSR 13-2p, Dale Cox, Questions and Answers concerning DAA from 2 July 1996 Teleconference, No. EM-96200, http://198.173.77.58/ssas/da-q&a.htm, Ques. 29).

In applying these arguments to her case, Plaintiff argues that the ALJ's inconsistent reliance on various medical opinions and "vague bits of evidence" do not constitute substantial evidence in favor of the ALJ's materiality determination. (Document No. 9-1, p.8). Plaintiff contends that the ALJ erred in relying heavily on Dr. Marcus (a state agency examining consultant) for many findings, but then rejecting the part of Marcus' report which states that Plaintiff "has mood/affective and personality problems that exist apart from any alcohol/substance abuse/dependency." (Document No. 9-1, p.7-8) (citing Tr. 33).

Plaintiff asserts that the ALJ's reasoning for this bifurcation of the medical opinion is that **"[t]he record does not document any length of sobriety as the claimant has repeatedly reported she drinks alcohol essentially every day. As such, there is no way to determine if her problems existed apart from alcohol dependence**." (Document No. 9-1, p.7) (citing Tr. 25)

8

(emphasis added). Plaintiff rejects this justification, however, because it contradicts the legal standard set out above for determining materiality. (Document no. 9-1, p.7-8). Plaintiff adds that each of the non-examining DDS physicians and adjudicators found DAA to be immaterial. (Document No. 9-1, p.9) (citing Tr. 82, 100, 115, 133).

Plaintiff also argues that the ALJ's finding of materiality of DAA in contradiction to Dr. Marcus's statements is not supported by substantial evidence, particularly because any reliance on clinic notes from Plaintiff's time in a detox program in 2009 is misplaced. (Document No. 9-1, p.9). Plaintiff's discharge summary from the 2009 detox program states Plaintiff "improved" during her time there. (Document No. 9-1, p.8-9) (citing Tr. 278-79, 287). Plaintiff cites several cases holding that treatment notes indicating "improvement" after counseling, medication, and/or hospitalization are not substantial evidence of materiality: Zemp-Bacher v. Astrue, 477 Fed.App'x 492, 494 (10th Cir. 2012); Harlin v. Astrue, 424 Fed.App'x 564, 568 (7th Cir. 2011). (Document No. 9-1, p.8).

Plaintiff contends that the ALJ decision lacks the required discussion of which of Plaintiff's physical and mental limitations found when Plaintiff was using drugs and alcohol would remain if Plaintiff stopped such use, and whether the remaining limitation would be disabling. (Document No. 9-1, p.9) (citing Finley v. Astrue, 2009 WL 2489264 (E.D.N.C. July 8, 2009)).

In response, Defendant argues that the ALJ sufficiently analyzed materiality and that substantial evidence supports a finding that Plaintiff was only mild-moderately impaired in the absence of DAA. (Document No. 11, p.7). In determining that Plaintiff's impairments would not equal any Listings in the absence of DAA, the ALJ stated that if Plaintiff "stopped her substance abuse, it would not affect her hepatitis C or alcoholic polyneuropathy, which limits the claimant to medium exertion." (Document No. 11, p.7). Defendant acknowledges that the ALJ further

9

found that Plaintiff would continue to have psychological symptoms related to her anti-social personality diagnosis. (Document No. 11, p.7). Finally, Defendant asserts that, in the absence of DAA, Plaintiff would experience only moderate limitations in social functioning and in her ability to maintain concentration, persistence or pace. (Document No. 11, p.7) (citing Tr. 25).

Defendant then argues that the ALJ's finding that Plaintiff was not disabled in the absence of DAA is supported by substantial evidence, first by referencing the same 2009 detox discharge notes previously discussed by Plaintiff. (Document No. 11, p.7). Defendant also lists conclusions from multiple medical opinions allegedly supporting the ALJ's non-disability determination. (Document No. 11, pp.7-8). Finally, Defendant references Plaintiff's own reports regarding periods when she had cut back on drinking and had generally improved. (Document No. 11, pp.8-9) (citing Tr. 51, 229-230, 334, 408, 425, 430-31, 435, 552).

After careful consideration of the briefs and the record, the undersigned is not persuaded that substantial evidence supports the ALJ's conclusion that Plaintiff's DAA is material to her disability. The undersigned is not persuaded that Plaintiff's purported improvement after participating in a detox program, years before the alleged onset date, supports a finding that Plaintiff would not be disabled in the absence of substance abuse. (Tr. 278). The undersigned is also concerned that there is a lack of evidence cited to explain the ALJ's conclusion that Plaintiff would not be disabled absent substance use, even though he acknowledges that since the "record does not document any length of sobriety . . . there is no way to determine if her problems existed apart from alcohol dependence." (Tr. 25).

The ALJ also relied on Dr. Caldwell's recorded interactions with Plaintiff to support his conclusions on Plaintiff's RFC in the absence of DAA, asserting that Caldwell's treatment records demonstrate an "improvement of neuropathic pain and foot drop when alcohol intake was

decreased." (Tr. 29). However, Dr. Caldwell's records note that at the time of this assessment Plaintiff was still drinking, and that although the foot movement was "improving," Plaintiff still presented "leg droop'" and burning along the leg. (Tr. 431).

Much of Defendant's argument in support of an ultimate determination of non-disability comes from references to medical opinions in the record reporting Plaintiff's relative mental health.[3] However, all of these assessments took place while Plaintiff still used alcohol and/or drugs. Such assessments do not address the question of Plaintiff's disability status in the absence of DAA. The ALJ does not reference any evidence from a period in which Plaintiff was not using drugs and/or alcohol from which to conclude that, absent DAA, Defendant would not be disabled.

Finally, the undersigned observes that Plaintiff has filed a "…Responsive Memorandum…" which notes for the first time that Plaintiff received a fully favorable decision granting Supplemental Security benefits based on an alleged disability onset date of April 16, 2013 – the date of the ALJ decision currently on appeal to this Court. (Document No. 13, pp.1-2). Plaintiff contends that the SSA's subsequent determination was based on a September 29, 2014 consultative examination by Mindy Pardoll, Psy.D. ("Dr. Pardoll"). (Document No. 13, p.2). Plaintiff suggests that this evidence is material because it sheds light on whether she was disabled during the relevant period. (Document No. 13, pp.3, 6) (citations omitted). Plaintiff contends that unlike the evidence previously considered by the ALJ, **Dr. Pardoll was able to document a lengthy period of sobriety** by Plaintiff, and then concluded after that period that Plaintiff had

---

[3] Defendant references medical evidence which indicate that Plaintiff was alert, oriented, cooperative, not in acute distresses, engaged easily, had good eye contact, normal rate of speech; no neurovegetative symptoms, psychotic symptoms, sustained objective manic symptoms, psychomotor agitation or retardation; her thoughts were logical and goal directed, with no thought disorder present; no evidence of delusions or perceptual disturbances; cognitive function and memory were intact; no suicidal or homicidal ideations. (Document No. 11 p.8)

mental limitations, absent alcohol's effects, that were of disabling severity. (Document No. 13, pp.8-9) (emphasis added).

Based on the foregoing, the undersigned recommends that this issue be reconsidered on remand. In short, the undersigned is not persuaded that the ALJ's decision regarding DAA is adequately supported. As noted above, the ALJ's inconsistent reasoning makes it difficult to determine that substantial evidence supports his conclusion on this issue. It is unclear why Plaintiff delayed in presenting her allegedly "new and material" evidence, which appears to have been available before her "Motion For Summary Judgment" was filed; however, on remand, the ALJ should address the applicability of such evidence.

## IV. CONCLUSION

The undersigned finds that the ALJ's decision lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As discussed above, the undersigned finds that Plaintiff's first alleged error provides sufficient cause for remand. On remand, the undersigned would respectfully encourage the ALJ to reconsider this matter in full, including Plaintiff's additional arguments/evidence pursuant to Mascio, and the Commissioner's subsequent disability determination. See (Document Nos. 13 and 17).

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion for Summary Judgment" (Document No. 9) be **DENIED**; Defendant's "Motion for Summary Judgment" (Document No. 10) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 5, 2015

David C. Keesler
United States Magistrate Judge